

**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 0 8 2019

JAMES W. McCORMACK, CLERK
By:_____
　　　　　　　　DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**JONATHAN JONES, Individually and on**      **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.      No. 4:19-cv-__105__ - BSM

**JHOOK INVESTMENTS, INC.,**      **DEFENDANTS**
**JEFF HOOKER and IVY HALL, INC.**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Jonathan Jones, individually and on behalf of all others similarly situated, by and through his attorneys Joshua West and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action ("Complaint") against Defendants JHook Investments, Inc., Jeff Hooker and Ivy Hall, Inc., states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Jonathan Jones, individually and on behalf of the collective members (together referred to as "Plaintiffs") against Defendants JHook Investments, Inc. ("JHook"); Jeff Hooker ("Hooker"); and Ivy Hall, Inc. ("Ivy Hall"); collectively referred to as "Defendants") for violations of (1) the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), and (2) the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq.* (the "AMWA").

This case assigned to District Judge _Miller_
and to Magistrate Judge _Ray_

2. Plaintiffs seek a declaratory judgment; monetary damages; liquidated damages; prejudgment interest; and a reasonable attorney's fee and costs as a result of Defendants' failure to pay proper overtime compensation under the FLSA and the AMWA.

## II.     JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding. This Court has pendent jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. The acts complained of herein were committed and had their principal effect against Plaintiffs within the Western Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.     THE PARTIES

6. Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

7. Plaintiff Jonathan Jones is an individual and resident of Lonoke County.

8. Separate Defendant JHook is a for-profit corporation registered to conduct business in the State of Arkansas.

9. JHook operates a towing services company based in North Little Rock, under the business name of JHook Towing and Recovery.

10. Separate Defendant Hooker is an individual and resident of Arkansas.

11. Hooker is an officer and director of JHook.

12. Hooker is the owner of JHook.

13. Separate Defendant Ivy Hall is a for-profit corporation registered to conduct business in the State of Arkansas.

14. Ivy Hall provides towing services in and around Jacksonville.

15. Hooker is the owner of Ivy Hall.

### IV. FACTUAL ALLEGATIONS

16. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

17. Within the past three years preceding the filing of this Complaint, Defendants continuously employed at least four employees, such as drivers and dispatchers.

18. Each Defendant has at least two employees engaged in commerce or in the production of goods for commerce, or has at least two employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, such as office supplies and equipment, vehicles, tow trucks, or communication equipment.

19. Each Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are

separately stated) in each of the three years preceding the filing of the Original Complaint.

20. Plaintiff Jones entered into an employer-employee relationship with JHook and Hooker in April of 2016.

21. In approximately April of 2016, JHook and Hooker hired Plaintiff Jones as a tow truck driver. Plaintiff Jones worked until February or March of 2017.

22. Plaintiff Jones performed towing services and other duties incidental to towing on JHook's and Hooker's behalf.

23. Jones worked in two different locations: North Little Rock and Lonoke.

24. While Jones was at North Little Rock, Jones was primarily the service truck driver and a mechanic.

25. While Jones was at Lonoke, Jones primarily ran the service truck and a wrecker truck.

26. At Lonoke, Jones continued to run service calls for North Little Rock as well.

27. The service truck at both locations Jones worked was a Ford F-250, which Jones drove at least once per week, every week.

28. After JHook and Hooker hired Plaintiff Jones as a tow truck driver, Ivy Hall, Inc., also regularly dispatched Plaintiff to perform towing services on its behalf. In other words, Ivy Hall, Inc., dispatchers directly called Plaintiff and directed him to perform towing services on a regular basis.

29. Plaintiff Jones performed towing services for Defendants solely within the State of Arkansas.

30. Plaintiff Jones's pay rate was $15.00 per hour plus commission.

31. In several workweeks, Plaintiff performed their towing duties for more than forty (40) hours per week.

32. Plaintiff's scheduled hours were 8 to 5, Monday through Friday.

33. Plaintiff often performed towing duties for more time than his scheduled hours.

34. Jones worked more than forty hours per week from time to time, or even regularly.

35. Jones regularly worked off-the-clock during weeks in which he worked forty or more hours. Jones was not paid for all the off-the-clock hours he worked over forty per week.

36. Jones's off-the-clock work includes time spent working through lunch and after-hours work.

37. No Defendant paid Plaintiff an overtime premium for the commissions Plaintiff earned in weeks in which Plaintiff worked more than forty hours.

38. Plaintiff Jones did not possess a commercial driver's license at any time during his tenure of performing towing services for Defendants.

39. None of the Defendants ever required Jones to possess or obtain a commercial driver's license to perform his duties as a driver.

40. Tim Moody ("Moody") was the general manager for both Ivy Hall and JHook.

41. Moody had authority to transfer drivers between Ivy Hall and JHook.

42. JHook and Ivy Hall shared employees as needed.

43. JHook dispatchers dispatched Ivy Hall drivers, and Ivy Hall dispatchers dispatched JHook drivers.

44. Moody and Hooker, manager and owner of both JHook and Ivy Hall, had the power to fire drivers.

45. Moody hired truck drivers.

46. Moody fired truck drivers.

47. Moody and Hooker both set the method and manner of pay for both JHook and Ivy Hall drivers.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

36. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were, are, or will be employed by Defendants and were not paid for all hours worked in excess of forty per workweek at one and one-half times their regular rate of pay.

37. Plaintiff asserts violations of federal law, more particularly, the FLSA, on behalf of all persons who were employed by Defendants as hourly employees within the three years preceding the filing of Plaintiff's Original Complaint.

38. Plaintiff is unable to state the exact number of the class but believes that the class exceeds 8 persons but is less than 30 persons.

39. Defendants can readily identify the members of the class, who are a certain portion of the current and former employees of Defendants.

40. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendants.

41. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendants.

42. The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendants which violated the FLSA, including Defendants' uniform failure to pay them the overtime compensation required by the FLSA.

## VI.   FIRST CLAIM FOR RELIEF:

### (Individual Claim for FLSA Violations)

43. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

44. Defendants have failed and refused to comply with the FLSA's wage requirements by failing to pay Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of forty hours per week during Plaintiff's employment as described in this Complaint.

45. Defendants deprived Plaintiff of overtime compensation for all of the hours over forty (40) per week in violation of the FLSA.

46. Defendants were, and are, subject to the overtime pay requirements of the FLSA because Defendants and their employees are engaged in commerce.

47. Defendants' conduct and practices, as described above, were willful.

48. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least

three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

49. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

50. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF:

### (Collective Action Claim For FLSA Violations)

51. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

52. Defendants have failed and refused to comply with the FLSA's wage requirements by failing to pay Plaintiff and similarly situated members of the class one and one-half times their regular rate for all hours worked in excess of forty hours per week during their employment as described in this Complaint.

53. Defendants required Plaintiff and similarly situated members of the class to work in excess of forty (40) hours each week but failed to pay Plaintiffs and the class members overtime compensation for all of the hours in excess of forty (40) in each work week.

54. Defendants deprived Plaintiff and the class members overtime compensation for all of the hours over forty (40) per week, in violation of the FLSA.

55. Defendants' conduct and practice, as described above, have been and are willful.

56. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and the class members for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

57. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and the class members are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

58. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and the class members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII.   THIRD CLAIM FOR RELIEF:

### (Individual Claim for AMWA Violations)

59. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

60. The AMWA requires employers to pay each employee for hours worked in excess of forty per week "at a rate not less than one and one-half (1 1/2) times the regular rate of pay at which he or she is employed." A.C.A. § 11-4-211.

61. Defendant failed to pay Plaintiff overtime wages as required under the AMWA for hours that he worked in excess of forty per week.

62. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jonathan Jones, individually and on behalf of all others similarly situated, respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. A declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA, the AMWA and their relating regulations;

B. Certification of a class under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and all others similarly situated for all unpaid overtime compensation and minimum wages under the FLSA, the AMWA and their relating regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the AMWA, and their relating regulations;

E.  An order directing Defendants to pay Plaintiff and all others similarly situated prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

F.  Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF JONATHAN JONES,
Individually and on Behalf of
All Others Similarly Situated**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Joshua West
Ark. Bar No. 2012121
west@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com