**IN THE UNITED STATES DISTRICT
COURT EASTERN DISTRICT OF
ARKANSAS WESTERN DIVISION**

**JONATHAN JONES, Individually and on**                                   **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                                                No. 4:19-cv-105-BSM

**JHOOK INVESTMENTS, INC.,**                                          **DEFENDANTS**
**JEFF HOOKER and IVY HALL, INC.**

### MOTION FOR SANCTIONS AND DISMISSAL OF
### PLAINTIFF, JONATHAN JONES

COME NOW Defendants, JHook Investments, Inc. ("JHook"), Jeff Hooker and Ivy Hall, Inc. (collectively, "Defendants"), by and through their attorneys, Gill Ragon Owen, P.A., and for their Motion for Sanctions and Dismissal of Plaintiff, Jonathan Jones, pursuant to Rule 37 of the Federal Rules of Civil Procedure, state and allege:

1. On February 8, 2019, Plaintiff, Jonathan Jones ("Jones" or "Plaintiff"), individually and on behalf of others similarly situated, brought this action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (the "FLSA") and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq.* (the "AMWA"). *See* Dkt. #1, ¶ 52.

2. On October 31, 2019, the Court entered an Order Granting Plaintiff's Motion for Conditional Certification, certifying this case as a collective action under the FLSA and granting Plaintiff the right to send notice to members of the conditionally certified group. *See* Dkt. # 17.

3. Defendants have served Jones, through his counsel, with two (2) Notices of Deposition. *See* first Notice of Deposition attached to the deposition transcript attached hereto

as **Exhibit 1** and second Notice of Deposition attached hereto as **Exhibit 2**.

4. Despite being properly noticed, Jones failed to appear for both depositions for no apparent reason.[1]

5. Defendants also served opt-in plaintiffs Steven Wilkinson and Robert Schock with Notices of Depositions. Wilkinson's Notice of Deposition is attached hereto as **Exhibit 3** and Schock's Notice of Deposition is attached hereto as **Exhibit 4**.

6. Despite being properly noticed, Plaintiffs' counsel advised counsel for Defendants that Schock would not be appearing for his deposition and, on the eve of Wilkinson's deposition, informed Defendants' counsel that Wilkinson would be withdrawing from this lawsuit and would not be appearing for his deposition. Copies of the email correspondence between counsel are attached hereto as **Exhibit 5** and **Exhibit 6**.

7. The communications between Defendants' counsel and Plaintiffs' counsel, the timely service of the Notices of Deposition and efforts to coordinate the scheduling of Plaintiffs' deposition at a mutually agreeable time constitute a good faith attempt to confer with Plaintiffs' counsel regarding the taking of Jones' deposition in accordance with Local Rule 7.2(g).

8. Federal Rule of Civil Procedure 37(d) allows the Court to, among other sanctions, dismiss an action if a party fails to appear for his or her deposition. *Jones v. Forrest City Grocery, Inc.*, No. 4:06-cv-00944-BSM, 2008 U.S. Dist. LEXIS 40939, *3 (E.D. Ark. May 21, 2008).

9. In addition to dismissal, "the court must require the party failing to act, the

---

[1] Given the January 24, 2020, deadline to complete discovery, Defendants filed a Motion to Compel to preserve their right to compel Jones to appear for a deposition after his first failure to appear. *See* Dkt. # 31. Said motion is still pending before the Court.

attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, cased by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

10.     Here, dismissal of Jones' claims is an appropriate remedy for Jones' failure to appear for his properly noticed depositions and Defendants are entitled to an award of reasonable costs and attorneys' fees for work associated with noticing Jones for his depositions, preparing for Jones' deposition and preparing this Motion. Defendants will provide an itemization of costs and fees at the Court's request.

WHEREFORE, Defendants, JHook Investments, Inc., Jeff Hooker and Ivy Hall, Inc., respectfully request that the Court enter an order granting this Motion, dismissing Jones' claims with prejudice, awarding Defendants their costs and fees associated with noticing Jones' depositions, preparing for Jones' deposition and preparing this Motion, and for all other just and proper relief to which they are entitled.

Respectfully submitted,

Danielle W. Owens
Ark. Bar No. 2009192
Dylan H. Potts
Ark. Bar No. 2001258
Attorneys for Defendants
GILL RAGON OWEN, P.A.
425 W. Capitol Avenue, Suite 3800
Little Rock, Arkansas 72201
(501) 376-3800
(501) 372-3359 (fax)
dowens@gill-law.com
potts@gill-law.com