IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JONATHAN JONES, Individually and on**                                **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                                No. 4:19-cv-105-BSM

**JHOOK INVESTMENTS, INC., and**                                    **DEFENDANTS**
**JEFF HOOKER**

### JOINT MOTION FOR APPROVAL OF COLLECTIVE ACTION SETTLEMENT AND DISMISSAL OF LAWSUIT WITH PREJUDICE

COME NOW Plaintiff Jonathan Jones, individually and on behalf of all others similarly situated, and Defendants JHook Investments, Inc., and Jeff Hooker, by and through their undersigned counsel, and respectfully move this Court to review the Parties' Stipulated Compromise, Settlement & Release Agreement (the "Settlement"), attached hereto as Exhibit 1, to enter an Order approving the Settlement as fair and reasonable, and to dismiss this action with prejudice. In support of this motion, the Parties state:

1. Plaintiff filed this action on February 8, 2019, pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* and Arkansas Minimum Wage Act (AMWA), Ark. Code Ann. § 11-4-201, *et seq*. *See* ECF No. 1. On an individual and collective basis, Plaintiff asserted that Defendants required him and other similarly situated tow truck drivers to perform work off-the-clock and failed to include non-discretionary bonuses in their regular rate when calculating overtime, resulting in a failure to pay a lawful overtime premium for all hours worked in excess of forty as

Page 1 of 7
Jonathan Jones, et al. v. JHook Investments, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:19-cv-105-BSM
Joint Motion for Approval of Settlement Agreement and to Dismiss with Prejudice

required by the FLSA and AMWA. Plaintiff also sought liquidated damages and attorneys' fees. *Id.* Defendants asserted that Plaintiff and other tow truck drivers were properly compensated for all hours worked, including overtime pursuant to the FLSA and AMWA. *See* ECF No. 3.

2. On October 31, 2019, this Court conditionally certified a group of hourly-paid, commission-eligible tow truck drivers employed by Defendants. *See* ECF No. 17. Following distribution of notice, ten individuals opted into the litigation, and two individuals subsequently withdrew their consent to join (Plaintiff Jones and the eight remaining Opt-in Plaintiffs are hereinafter collectively referred to as "Plaintiffs").

3. During the course of this litigation, the Parties have engaged in informal discovery regarding Plaintiffs' hours worked, job duties, compensation, and issues related to the underlying merits of Plaintiffs' claims and Defendants' defenses.

4. Following extensive negotiations between counsel, the Parties have entered into the Settlement, which resolves the litigation in full and requests dismissal of the above-captioned action with prejudice.

5. Circuits are split on whether a private settlement of an FLSA claim requires court approval. Compare *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012) (enforcing a settlement that was reached without judicial or Department of Labor approval), with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) (holding FLSA settlements require approval from the district court or Department of Labor), and *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (same). The Eighth Circuit has yet to decide this issue. *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019).

Page 2 of 7
Jonathan Jones, et al. v. JHook Investments, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:19-cv-105-BSM
**Joint Motion for Approval of Settlement Agreement and to Dismiss with Prejudice**

6. Assuming court approval is required, the Parties request the Court's review and approval of the Settlement and issuance of an Order approving the Settlement as fair, adequate and reasonable.

7. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc.,* 679 F.2d at 1353. A district court may only approve a settlement agreement and enter a stipulated judgment that includes a waiver of FLSA claims after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. *Okada v. Eagle's HVAC, LLC*, No. 2:16-CV-02245, 2017 U.S. Dist. LEXIS 205376, at *3 (W.D. Ark. Dec. 14, 2017) (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1353, n.8).

8. If the proposed settlement is a reasonable compromise of contested issues, the court should approve the settlement:

> [W]hen the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

9. Here, the settlement between the Parties represents a fair and equitable compromise of bona fide wage and hour disputes. Plaintiffs claim that Defendants required them to perform work off-the-clock, and therefore failed to pay Plaintiffs a regular hourly wage and an overtime premium for her off-the-clock hours worked in

Page 3 of 7
Jonathan Jones, et al. v. JHook Investments, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:19-cv-105-BSM
**Joint Motion for Approval of Settlement Agreement and to Dismiss with Prejudice**

excess of forty. Plaintiffs also claim they received a non-discretionary bonus which was not lawfully calculated into their overtime rate. Defendants deny any liability or wrongdoing of any kind and deny that Plaintiffs were ever denied compensation to which they were legally owed. Defendants dispute the discretionary nature of the bonuses, and affirmatively state that they paid Plaintiffs for all hours worked and complied with all applicable federal and state laws.

10. The Settlement was reached in the course of formal litigation and after the exchange of discovery, by experienced counsel representing both Parties. The Parties also engaged in settlement negotiations conducted by opposing counsel at arms' length. The Parties understand that, inherent to litigation, there are uncertainties and risks. The Parties understand the expense associated with further pleadings, a trial, and, potentially, an appeal. The Parties have determined that it is in their mutual interest to resolve the litigation as set forth in the Settlement. This decision included evaluating the likelihood of prevailing on the merits of their claims and defenses, including the proper method for calculating damages, as well as the amount of any additional fees and costs that would be incurred as a result of further litigation and the amount of additional fees and costs that will be incurred as a result of winding up this settlement.

11. Pursuant to the Settlement Agreement, Plaintiffs who had calculated damages of less than $1,000.00 are receiving the full amount of their calculated damages, plus an equal amount of liquidated damages. Those who had calculated damages of over $1,000.00 are receiving the full amount of their calculated damages, plus about 10% of their liquidated damages. Plaintiffs and their counsel have specifically

Page 4 of 7
Jonathan Jones, et al. v. JHook Investments, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:19-cv-105-BSM
Joint Motion for Approval of Settlement Agreement and to Dismiss with Prejudice

considered the potential value of their claims and have concluded that the proposed settlement provides a fair and reasonable resolution of the claims.  Defendants support this result because it eliminates the uncertainties, risks, and cost of further litigation and appeals, despite Defendants' denial of the claims.

12.    The parties negotiated an award of a reasonable attorney's fee and costs separately and independently from the settlement amount to be paid to Plaintiffs. Under the FLSA, an award of reasonable attorneys' fees and costs to prevailing plaintiffs is mandatory. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *Collins v. Barney's Barn, Inc.*, Case No. 4:12-cv-685-SWW (E.D. Ark. 10/16/2014) ("An award of attorney's fees and costs to the prevailing employee is mandatory under § 216(b), but the amount of the award is within the discretion of the court."). A stipulated agreement of attorney fees in private settlement is afforded more deference than in a disputed case. *See Melgar v. OK Foods, Inc.*, 902 F.3d 775, 778–80 (8th Cir. 2018) ("where the parties have already agreed upon the fees to be paid, any required review need not be a line-by-line, hour-by-hour review of the attorneys' fees."). Courts value the private settlement of attorneys' fees because it prevents unnecessary litigation. *Barbee*, 927 F.3d at 1027. Nevertheless, a district court does retain the authority to ensure that the attorneys' fees were "negotiated separately and without regard to the plaintiff's FLSA claim, and there was no conflict of interest between the attorney and his or her client." *Id.* at 1027 n.1.

13.    Because the fee was negotiated separately, this resolution sufficiently closes all matters before the Court.

Page 5 of 7
Jonathan Jones, et al. v. JHook Investments, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 4:19-cv-105-BSM
**Joint Motion for Approval of Settlement Agreement and to Dismiss with Prejudice**

14. Accordingly, Plaintiffs and Defendants jointly seek approval of the Settlement, and dismissal, with prejudice, of Plaintiffs' claims in this action.

WHEREFORE, Named Plaintiff, individually and on behalf of others similarly situated, and Defendants request that the Court enter an order dismissing with prejudice this lawsuit in its entirety and approving the Settlement, and for all other relief to which they may be entitled.

**Page 6 of 7**
**Jonathan Jones, et al. v. JHook Investments, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:19-cv-105-BSM**
**Joint Motion for Approval of Settlement Agreement and to Dismiss with Prejudice**

        Respectfully submitted,

        **PLAINTIFF JONATHAN JONES,**
        **Individually and on Behalf of**
        **All Others Similarly Situated**

        SANFORD LAW FIRM, PLLC
        One Financial Center
        650 South Shackleford Road, Suite 411
        Little Rock, Arkansas 72211
        Telephone: (501) 221-0088
        Facsimile: (888) 787-2040

        Joshua West
        Ark. Bar No. 2012121
        west@sanfordlawfirm.com

        Josh Sanford
        Ark. Bar No. 2001037
        josh@sanfordlawfirm.com

**and**    **DEFENDANTS JHOOK INVESTMENTS,**
        **INC., and JEFF HOOKER**

        GILL RAGON OWEN, P.A.
        425 W. Capitol Avenue, Suite 3800 Little
        Rock, Arkansas 72201
        (501) 376-3800
        (501) 372-3359 (fax)

        Dylan H. Potts
        Ark. Bar No. 2001258
        potts@gill-law.com

        */s/ Danielle Owens*
        Danielle W. Owens
        Ark. Bar No. 2009192
        dowens@gill-law.com

**Page 7 of 7**
**Jonathan Jones, et al. v. JHook Investments, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:19-cv-105-BSM**
**Joint Motion for Approval of Settlement Agreement and to Dismiss with Prejudice**